UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER OF
AMTRUST BANK,

      Plaintiff,                         Case No. 12-13438
                                          Honorable Gershwin A. Drain

v.

CUNEO APPRAISALS & ASSOCIATES,
LLC, *et al.*,

      Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER [#21] AND DENYING DEFENDANTS' MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS [#20]

**I.    INTRODUCTION**

Plaintiff, Federal Deposit Insurance Corporation (FDIC), the Receiver for the now closed federally chartered savings bank, AmTrust,[1] filed the present action against Defendants Cuneo Appraisals & Associates, LLC, James W. Cuneo, and Does 1 through 40 on August 6, 2012. Plaintiff brings claims of breach of contract, negligent misrepresentation and negligence stemming from Defendants preparation of an appraisal for property located in Dearborn, Michigan. Plaintiff alleges that the appraisal overvalued the subject property resulting in damages to Plaintiff because Plaintiff's security interest in the property was not sufficient to satisfy the loan funded by AmTrust.

---

[1] On December 4, 2009, AmTrust was closed by the Office of Thrift Supervision and the FDIC was appointed as Receiver pursuant to 12 U.S.C. § 1464(d)(2)(A) and 12 U.S.C. § 1821(c)(5).

-1-

Presently before the Court is Defendants' Motion to Compel Discovery and for Sanctions and Plaintiff's Motion for Protective Order, both filed on April 22, 2013. The Court has ordered resolution of these matters pursuant to E.D. Mich. L.R. 7.1(f)(2). These matters are fully briefed, and for the reasons that follow, the Court denies Defendants' Motion to Compel Discovery and for Sanctions and grants Plaintiff's Motion for Protective Order.

## II.  FACTUAL BACKGROUND

On or about December 31, 2007, AmTrust funded a mortgage loan in the amount of $370,000.00 to borrower Rana Ibrahim for the purchase of residential real property located at 6108 Neckel Street, Dearborn, Michigan. First Mortgage of Michigan, an independent mortgage broker, originated and submitted the loan to AmTrust, and AmTrust funded the loan. On November 25, 2007, Defendant James Cuneo contracted to prepare a written appraisal for the subject property. Cuneo knew that the appraisal was for the purpose of mortgage lending. On November 26, 2007, Cuneo prepared an appraisal which valued the property at $370,000.00 as of November 25, 2007.

Plaintiff subsequently learned that the appraisal had been negligently prepared and contained material misrepresentations. Cuneo's appraisal omitted material information regarding the location of the property, specifically he failed to report that the property was located within 215 feet of active railroad tracks, within 205 feet of a four-lane highway, and within 150 feet of high-tension power lines. Further, Cuneo used inappropriate properties as comparables because these properties did not have similar negative aspects such as close proximity to railroad tracks, high-tension power lines and a four lane highway. Cuneo failed to make appropriate adjustments to the value of the subject property to account for these negative attributes. In contrast to the comparable properties used by Cuneo, comparable properties with attributes similar to the subject property had an average sales

price significantly less than the value Cuneo assigned to the subject property in his appraisal.

The borrower subsequently defaulted under the loan. Plaintiff maintains that the appraisal overvalued the property resulting in a security interest in the subject property that was insufficient to satisfy the loan. Plaintiff alleges that if AmTrust knew the true market value of the property, it would not have funded the loan. Plaintiff filed the instant action on August 6, 2012. Cuneo answered the complaint denying that he prepared the November 26, 2007 appraisal. The parties' current scheduling order provides a discovery cut-off date of July 1, 2013 and a trial date of November 12, 2013.

### III.    LAW & ANALYSIS

On February 19, 2013, Defendants served Plaintiff with their first set of interrogatories and requests to produce. Plaintiff argues that Defendants' discovery requests seek information that is irrelevant to the claims in this action. On March 27, 2013, Defendants served Plaintiff with a Notice of Taking Deposition of Corporate Designee. Plaintiff asserts that the Notice likewise demanded testimony unrelated to the claims raised herein. Specifically, the Notice seeks testimony concerning AmTrust's lending guidelines, quality control measures, repurchase demands and mortgage loans acquired through independent mortgage brokers.

On April 4, 2013, Plaintiff objected to Defendants' written discovery requests as irrelevant. Plaintiff maintains that the decision in *American Home Mortgage Acceptance, Inc. v. Appraisal Place, Inc.*, 476 F. Supp. 2d 636 (E.D. Mich. 2006) precludes Defendants from obtaining the discovery sought because the requested discovery is irrelevant to Plaintiff's claims of negligence in preparing the appraisal. Defendants have responded to Plaintiff's objection arguing that *American Home* does not negate AmTrust's comparative negligence. *See* Mot. for Pro. Ord., Ex. 2.

Under Michigan law, joint and several liability has been abolished in favor of several liability. *See* MICH. COMP. LAWS § 600.2957(1). Specifically, section 600.2957(1) states:

> In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each person shall be allocated under this section by the trier of fact and, subject to section 6304, in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to this action.

MICH. COMP. LAWS § 600.2957(1). However, under Michigan law "non-party fault principles apply only to the cause of action alleged in the case . . . and not to the underlying cause(s) that might have brought about the loss requiring the insurance payout." *American Home*, 476 F.Supp. 2d at 641 (citing *Holton v. A+ Insurance Assoc., Inc.*, 255 Mich. App. 318, 661 N.W. 248 (Mich. Ct. App. 2003).

In *Holton, supra*, the Michigan Court of Appeals provided guidance as to the correct application of Michigan's fault system. In *Holton*, plaintiff homeowners contacted their insurance agent to increase their insurance coverage after remodeling their home and having a new roof installed. *Holton*, 225 Mich. App. at 320. Plaintiffs placed an electric heater on the roof to melt ice dams that formed resulting in a fire to the roof and second story of the Holtons' home. *Id.* The damages stemming from the fire exceeded the insurance coverage, and the insurance company refused to compensate the Holtons for the shortfall, insisting that the damages resulted from the faulty roof installation and the Holtons' negligence in placing an electric heater on the roof. *Id.* The Holtons argued that any fault attributable to them or the contractor was irrelevant because they sought damages arising from "defendants' negligent failure to procure insurance and, therefore, the notice of nonparty fault . . .was inapplicable." *Id.* at 320-21.

The trial court agreed and the Michigan Court of Appeals affirmed, finding that "a proper application of comparative fault does not permit an allocation of fault for causing the fire, which is merely the underlying basis of the insurance claim against defendants." *Id.* at 324. The Michigan Court of Appeals rejected the insurance company's characterization of the Holtons' claim, concluding that the claim was properly viewed as an insurance property damage claim. Specifically, the *Holton* court held that "allocation of fault for the underlying conduct, i.e., the fire, does not apply to plaintiffs' action to recover a shortfall in insurance proceeds and, therefore, defendants' notice of nonparty fault . . . was improper." *Id.* at 321.

The *American Home* court relied on the Michigan Court of Appeals' reasoning in *Holton* to reject an argument, similar to the one asserted by Defendants herein, that the purported comparative negligence of the plaintiff mortgage lender in the origination and underwriting of the loan is relevant to the plaintiff mortgage lender's negligent appraisal action. *American Home*, 476 F. Supp. 2d at 641-43. In *American Home*, the plaintiff mortgage lender brought suit against two real estate appraisers claiming they negligently issued appraisals resulting in an under-securitized loan.. *Id.* at 638. The defendant appraisers filed a Notice of Non-Party Fault identifying eight parties, including employees of the plaintiff mortgage lender, as individuals involved with the origination and underwriting of the loan to whom the appraisers contended fault should be allocated. *Id.* at 639-40. In moving to strike the Notice of Non-Party Fault, the plaintiff mortgage lender argued that the defendant appraisers could not allocate blame to any other party for plaintiff's injury because the appraisers alone were responsible for the lender's damages. *Id.* at 638.

The *American Home* court ultimately agreed with the plaintiff mortgage lender concluding that "Plaintiff's claim in this case is that its damages occurred because Defendants' appraisals led

it to believe that there would be adequate security for the loan in the event of a default, not because of [the borrower's] underlying default or any fraud he may have committed in connection with the loan application." *Id.* at 642. The court further opined that "defendants are entitled under the statutory provisions for comparative fault, to seek an apportionment of fault for the alleged liability concerning the inaccurate appraisal of the Property, but not for any alleged non-party wrongdoing that contributed to [the borrower] obtaining the loan or that contributed to his default thereon." *Id.* at 643, n. 5.

Here, as in *American Home*, AmTrust sought to protect itself form the financial risk of the borrower's default by securing the loan with sufficient collateral. Thus, Defendants' discovery requests seeking information concerning AmTrust's alleged negligent lending practices and purported negligence in funding the loan is irrelevant to Defendants' appraisal of the subject property. Defendants' discovery requests improperly seek information concerning the potential fraud of third parties involved in the loan transaction and the "red flags" that AmTrust should have discovered before funding the loan.

Contrary to Defendants' argument, they are not entitled to the discovery they seek because fault cannot be apportioned to individuals whom did not play a role "with respect to the performance of the appraisals at issue in this action." *American Home Mortgage Acceptance, Inc. v. Appraisal Place, Inc.*, 476 F. Supp. 2d 645, 649 (E.D. Mich. 2007). Thus, conduct unrelated to the inflated appraisal cannot support a comparative fault defense because such conduct is not a proximate cause of the inflated appraisal. Id. at 650. The majority of Defendants' discovery requests seek information relative to AmTrust's negligent lending practices and negligent funding of the loan, which are improper under *Holton* and *American Home*. While *Holton* and *American Home* permit

discovery on the issue of AmTrust's reliance upon Defendants' appraisal, they do not permit discovery on AmTrust's purported negligence in funding the loan, lending practices and quality control measures.

Based on the foregoing, the Court finds that Defendants' Motion to Compel is properly denied. Defendants seek information unrelated to the appraisal, rather Defendants seek discovery concerning, among other things, AmTrust's lending guidelines, and quality control measures used to detect fraudulent loan applications. Further, the Court finds that all topics in the Notice of Deposition which relate to mortgage loan transactions, other than the transaction at issue herein, should be stricken and Defendants may not question Plaintiff's corporate designee as to these irrelevant matters. Defendants may conduct discovery concerning the mortgage loan transaction at issue herein, but only as to Plaintiff's reliance on and use of Defendants' appraisal in the origination of the loan.

## IV. CONCLUSION

For the reasons articulated above, Defendants' Motion to Compel [#20] is DENIED.

Plaintiff's Motion for Protective Order [#21] is GRANTED.

SO ORDERED.

Dated: May 30, 2013　　　　　　　　　　/s/ Gershwin A Drain
　　　　　　　　　　　　　　　　　　　GERSHWIN A. DRAIN
　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 30, 2013, by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk